IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK L. GOODMAN, <br> Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. AMD-08-1337 |
| | * | |
| MARYLAND PAROLE COMMISSION, et al., <br> Defendants | * | |
| | *** | |

MEMORANDUM

Plaintiff brings this pro se action under 42 U.S.C. § 1983 against the Maryland Parole Commission and Parole Commissioners David R. Blumberg, Michael Blount, and Martha S. Klima. He seeks injunctive and declaratory relief, alleging that his substantive and procedural due processes rights were violated during his parole hearing, as was his protection under the Ex Post Facto Clause of the Constitution. Paper No. 1. Now pending is defendants' motion to dismiss, Paper No. 8, to which Plaintiff has responded. Paper Nos. 12 and 13.[1] For the reasons set forth within, the court will grant the motion.

**Facts**

Plaintiff is serving a sentence of life in prison for first-degree murder. Paper No. 8, Ex 1. On December 12, 1989, after two administrative reviews and several decisions ordering parole rehearings, the Commission recommend plaintiff for parole to the Governor. *Id*., Ex. 3-10. The

---

[1] Plaintiff also seeks appointment of counsel. Paper No. 13. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).
    The court finds from its review of the complaint that plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that plaintiff's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the court shall deny plaintiff's request for appointment of counsel.

Governor denied parole on March 30, 1990. *Id.*, Ex. 11. On July 12, 1990, the Commission ordered another parole hearing in May 1991. At that time, the Commission again recommended Plaintiff for parole. *Id.*, Ex. 12-14. The Governor approved the recommendation and plaintiff was paroled on October 18, 1991. *Id.*, Ex. 15-16.

On November 12, 1992, plaintiff's parole agent informed the Commission that plaintiff had been arrested for drug related crimes and released on bail. The Commission directed no action be taken pending adjudication of the new charges. *Id.*, Ex. 17-18. On May 4, 1993, the Commission learned that plaintiff had been arrested on additional charges involving weapons and drugs and was being held at the Baltimore City Detention Center. *Id.*, Ex. 19. A retake warrant was issued for plaintiff on May 5, 1993. *Id.*, Ex. 20.

Plaintiff's parole agent notified the Commission that plaintiff had been found guilty of possession with intent to distribute and sentenced to seven years incarceration beginning May 4, 1993. *Id.*, Ex. 22-23. Plaintiff's parole was revoked on October 29, 1993, after the Commission found plaintiff had violated Rules 4, 6, 7 and 8 of his parole. *Id.*, Ex. 24.

On May 24, 1996, plaintiff appeared for his first post-revocation parole hearing. The Commissioners decided to defer parole consideration until 2001. The Commission noted that plaintiff should serve his entire new sentence before being considered for parole. *Id.*, Ex. 25. Plaintiff was reheard for parole in 2001, 2004 and 2007. Each time the Commission decided to defer parole consideration another three years.

At plaintiff's most recent hearing, the Commission found that the "[nature and circumstances] of original and new offenses, Parole Violation of Life sentence, [and] Victim Impact does not encourage a parole recommendation at this time." *Id.*, Ex. 28. Plaintiff is currently

scheduled for another hearing in May 2010. *Id*., Ex. 26-28.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

## Analysis

A.   Eleventh Amendment

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus plaintiff's complaint against the Maryland Parole Commission, an agency of the State of Maryland, is barred by the Eleventh Amendment.

B.  Respondeat Superior

It is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not be based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has alleged no facts against Chairman Blumberg and his claim against Chairman Blumberg shall be dismissed.

C.  Due Process

Plaintiff claims he was denied due process during his parole hearing. To state a cognizable claim for denial of due process under the Fourteen Amendment here, plaintiff must identify the denial of protected liberty interest. Due process applies when "government action deprives a person of liberty or property." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472 (1995) (early release through parole does not constitute a protected liberty interest); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (Maryland's parole statutes and regulations do not create a legitimate expectation of parole release). In the event a liberty interest is created by statute, due process requires only a hearing and statement of reasons for denial of parole. *Greenholtz,* 442 U.S. at 7. Without a liberty interest, no process is due. *See Henderson v. Simms*, 223 F.3d 267, 274-5 (4th Cir. 2000).

Plaintiff was provided a hearing and was advised in writing of the reasons for denial of parole. Plaintiff was advised that based on the nature of his offenses, the revocation of previously granted parole, as well as the victim impact statement, parole was not recommended. Plaintiff

received all the process he was due.

D.      Ex Post Facto

Plaintiff also claims that the holding of an "open hearing" and consideration of Victim Impact Statement violated the Ex Post Facto Clause of the Constitution. The Maryland legislature enacted two statutes after plaintiff's conviction which govern parole hearings and about which plaintiff complains. Section 7-304 of the Correctional Services Article of the Annotated Code of Maryland allows the Commission to hold a parole hearing open to the public upon written request of the victim or a victims' representative. Section 7-305 of the Correctional Services Article mandates that the Commission consider, inter alia, an updated victim impact statement, any information presented to the Commission at a meeting with the victim, and any testimony presented by the victim during an open parole hearing. Plaintiff claims that since the statutes were not in effect at the time he was sentenced they should not apply to his parole hearing. Paper Nos. 1, 12 and 13.

The Ex Post Facto Clause of the United States Constitution prohibits retroactive increases in punishment for a crime after its commission. *See* U.S. Const. art I, § 9; *Collins v. Youngblood,* 497 U.S. 37, 43-43 (1990). It assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28-9 (1981). The fact that a change in parole law has occurred, does not establish an ex post facto violation. *See California Department of Correction v. Morales*, 514 U.S. 499, 501-02 (1995). A retroactively applied parole regulation, guideline, or policy statement may violate the Ex Post Facto Clause if it creates "a significant risk" of "a longer period of incarceration than under the

earlier rule." *Garner v. Jones* 529 U.S. 244, 255 (2000).[2]

Plaintiff will not be imprisoned beyond the term imposed by the sentencing court. The Maryland General Assembly has neither altered the definition of plaintiff's criminal conduct nor increased the punishment for his crimes. Plaintiff's claim that holding an open parole hearing and considering the victim impact statement creates a "significant risk" of a longer incarceration is nothing more than speculation. In fact, the Commission has granted plaintiff a rehearing date for May 2010 and cited numerous reasons for denying parole in 2007, rather than relying simply on the victim impact statement. Moreover, the Commission could have denied parole outright, without scheduling a rehearing date, simply based on plaintiff's having previously violated his parole from a life sentence.

For the reason stated, defendants are entitled to judgment as a matter of law. An Order follows.


Date: July 15, 2009                                   __/s/_____
                                                       Andre M. Davis
                                                       United States District Judge

---

[2] In *Garner*, the Court reviewed "whether the retroactive application of a Georgia law permitting the extension of intervals between parole considerations violated the Ex Post Facto Clause." 529 U.S. at 246. The Court concluded that it could not determine on the record before it whether retroactive application of the law increased "to a significant degree, the likelihood or probability of prolonging respondent's incarceration," and thus the Court vacated the judgment and remanded. *Id*. at 256-57.